UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

          -against-

NYPD, et al.,

                Defendants.

20-CV-2260 (CM)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

On November 7, 2019, Plaintiff was barred from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). Because Plaintiff continued to file scores of new frivolous actions after the bar order, the Court imposed additional filing restrictions on Plaintiff. *See Frost v. NYPD*, ECF 1:20-CV-0417, 5 (S.D.N.Y. Feb. 14, 2020) (requiring Plaintiff to submit with any new complaint a motion for leave to file; a copy of the February 14, 2020 order; the filing fees or IFP application; and a statement, made under penalty of perjury, stating that the claims are not frivolous or in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.)

On March 11, 2020, Plaintiff filed this new complaint. As she submitted the requisite documents, the matter was opened and assigned a new civil case number. But after reviewing Plaintiff's motion for leave to file, accompanying declaration, and proposed complaint, the Court concludes that this action does not represent a departure from Plaintiff's pattern of vexatious and nonmeritorious filings. She names as the defendants several entities and individuals she has previously sued, including this Court, the Second Circuit Court of Appeals, and President Donald Trump. But Plaintiff fails to assert any facts suggesting that she has any plausible claim for relief.

Because Plaintiff has failed to show good cause why she should be permitted to file this new action, the Court denies her IFP application and her request for leave to file this action.

Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new actions and monetary penalties.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies Plaintiff's IFP application and her request for leave to file this new action. (ECF Nos. 1-3.) The order barring Plaintiff from filing any new action IFP without first seeking permission of the Court remains in effect. Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new actions and monetary penalties.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 16, 2020
         New York, New York

　　　　　　　　　　　　　　　　　　　　　COLLEEN McMAHON
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge